FILED
AUG 0 4 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 0432 |
| v. | ) | |
| | ) | Judge David H. Coar |
| AMERIQUEST MORTGAGE COMPANY; | ) | |
| AMERIQUEST MORTGAGE SECURITIES, INC. | ) | Magistrate Judge Schenkier |
| and AMC MORTGAGE SERVICES, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Plaintiff Shirley Jones respectfully moves this Court to grant summary judgment in her favor and find defendants Ameriquest Mortgage Company (hereinafter "Ameriquest"), the original creditor, and Ameriquest Mortgage Securities, Inc. (hereinafter "AMS"), the assignee, liable for violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. Plaintiff also submits the accompanying Memorandum of Law (hereinafter "Memo") and Statement of Material Facts (hereinafter "SMF") with appendices, pursuant to Local Rule 56.1(a)(3).

In support of her motion, Ms. Jones states as follows:

1. In March of 2002, Ms. Hamm obtained a loan from defendant Ameriquest, secured by a mortgage on her residence at 6151 South Wolcott in Chicago, in order to repair the leaky roof on her home and for other consumer purposes detailed in her affidavit. (See Appendix C, SMF).

2. At the closing for her loan, Ameriquest showed Ms. Jones and had her sign,

among other documents, a Truth in Lending Disclosure Statement, a Notice of Right to Cancel and a "One Week Cancellation Period" document. Plaintiff was not given any documents to keep that day, but later, on or after April 5, 2005, received copies of these three documents. Copies of these documents are contained in Exhibits E, F and G to the Amended Complaint, Appendix A to SMF. The signed copies of these documents are also contained within defendant's loan file for plaintiff. See Appendix F, SMF.

3. However, the TILA Disclosure Statement that Ameriquest provided to plaintiff failed to fully and completely disclose the payment schedule for the loan, in direct violation of the explicit requirements of 15 U.S.C. § 1638 and 12 C.F.R. § 226.28.

4. In addition, Ameriquest provided to plaintiff both (a) a Notice of Right to Cancel (within three days), as required by TILA, and (b) the "One-Week Cancellation Period," which is a form created by Ameriquest. The effect of providing the second form was to render the delivery of the Notice of Right to Cancel not clear and conspicuous from the perspective of the ordinary consumer, in violation of 15 U.S.C. 1635 and 12 C.F.R. 226.23. Smith v. Cash Store Management, Inc., 195 F.3d 325, 327-8 (7th Cir. 1999)(whether a TILA disclosure is provided "clearly and conspicuously" is determined by the Court from the perspective of an ordinary consumer engaged in credit transactions).

5. Each of these disclosure violations is a separate and independent violation of TILA. Each triggered the extended, three-year right to rescind Ameriquest's loan to plaintiff, which is now owned by defendant AMS.

6. Plaintiff's Amended Complaint in this action also asserts other factual grounds for rescission of her Ameriquest loan. (See Amended Complaint, ¶¶ 12-14, 18-19, 26 and

28, Appendix A of SMF.) However, plaintiff is not at this time moving for summary judgment on the basis of those allegations because there are unresolved issues of material fact relating to those allegations.

7. Ms. Jones exercised her right to rescind within three years when, on January 4, 2005, she sent defendant notice of her intent to rescind. See Appendix G. Defendant did not rescind. Ms. Jones then filed this action on January 25, 2001 to enforce her right to rescind and obtain statutory damages.

8. Ameriquest later assigned ownership of Ms. Jones' loan to defendant AMS and servicing of the loan to defendant AMC. They are the current holder and current servicer of Ms. Jones' loan, respectively. See Appendix I, Response to Interrogatory #8, SMF.

9. Both TILA and the vast majority of authorities that have addressed the issue are crystal clear that the creditor must disclose, on the TILA Disclosure Statement itself, either the schedule of payments or the due date of each payment. Ameriquest's TILA statement for Ms. Hamm's loan failed to disclose either one.

10. Most authorities that have addressed the issue are also clear that a document given in addition to the Notice of Right To Cancel that has the effect of modifying, confusing or waiving that right is a violation of the requirement to deliver the notice to the consumer "clearly and conspicuously."

11. There are no disputed, issues of material fact asserted on this motion. The issues are legal: (i) whether defendant Ameriquest violated TILA when it delivered a TILA statement that did not properly state the schedule of payments or the due date of each payment; and (ii) whether defendant Ameriquest's provision of a form stating that the consumer had one-

week in which to cancel and not disclosing the differences in substantive rights between the TILA right and the contractual right formed by the second document misleads the ordinary consumer. For the ordinary consumer, Ameriquest's One-Week Cancellation Form impermissibly modifies the TILA Notice of Right to Cancel.

12. Defendant committed a separate violation of TILA when it failed to honor Ms. Jones' proper exercise of her valid right to rescind, following receipt of her rescission notice and complaint.

13. Ms. Jones is entitled to rescind against defendant, the original creditor, and the assignee and current owner of the loan, AMS. Defendant AMC Mortgage Services, Inc. ("AMC") is a necessary party to this action pursuant to F.R.C.P. 19.

14. Plaintiff is also entitled to statutory damages for defendant's underlying disclosure violations.

WHEREFORE, plaintiff Shirley Jones respectfully requests that this Court grant summary judgment for plaintiff and award the statutory remedies of rescission and damages.

Respectfully submitted,

Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200/(312) 419-0379 (FAX)

I:\case\Ameriquest13520\pleadings\sjmo.wpd