

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 0432 |
| | ) | |
| vs. | ) | District Judge Coar |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY; | ) | Magistrate Judge Schenkier |
| AMERIQUEST MORTGAGE SECURITIES, INC., | ) | |
| and AMC MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shirley Jones, filed this action seeking statutory damages and recision of her mortgage for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. On January 31, 2006, the presiding district judge granted Ms. Jones summary judgment on liability, holding that Ms. Jones was entitled to "recision and statutory damages for Defendants' failure to rescind her mortgage loan." *Jones v. Ameriquest Mortgage Co., et al.*, No. 05-C-0432, 2006 WL 273545, *9 (N.D. Ill. Jan. 31, 2006). On July 17, 2006, the presiding district judge issued a Memorandum Opinion and Order awarding Ms. Jones $2,000.00 in statutory damages, recision of the mortgage, and an additional $23,693.11 resulting from a "recision calculation" (doc. # 119). Thereafter, on September 19, 2006, the presiding district judge entered an agreed order awarding plaintiff $62,064.75 in attorneys' fees and $5,298.57 in costs (doc. # 148). Defendants appealed the summary judgment ruling. On October 17, 2007, in ruling in this case and in the consolidated appeal of *Hamm v. Ameriquest Mortgage Co.*, No. 05-C-0227 (N.D. Ill.), the Seventh Circuit affirmed the summary judgment ruling for Ms. Jones and reversed the district court judgment in the *Hamm* case. *Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525 (7th Cir. 2007).

In the aftermath of the appeal, on December 21, 2007, plaintiff filed a supplemental petition for attorneys' fees and costs (doc. # 158), seeking an additional $45,000.00 in attorneys' fees and $1,803.77 in costs incurred during the period after the earlier award of fees and costs on September 19, 2006. Defendant Ameriquest Mortgage Securities, Inc. ("Ameriquest") opposed that motion (doc. # 161), arguing, among other things, that plaintiff's motion should be stricken for failure to comply with the procedures set forth in Local Rule 54.3(d) of the Local Rules for the United States District Court for the Northern District of Illinois (doc. # 161: Defs.' Resp. to Supp. Pet. at 6-8). During a hearing on January 10, 2008, the presiding district judge struck the motion, but gave Ms. Jones until February 13 "to file the appropriate papers under Local Rule 54" (doc. # 162: *see also* 01/10/08 Tr. at 3).

On February 13, 2008, Ms. Jones filed a renewed supplemental petition for attorneys' fees and expenses (doc. # 164), now seeking $47,642.00 in supplemental attorneys' fees and $1,803.77 in supplemental expenses. Ameriquest has responded to this request both on the merits, and by again asserting that the motion is improper by reason of plaintiff's failure to comply with Local Rule 54 (doc. # 166: Defs.' Resp. to Renewed Supp. Pet. at 4-5, 6-7). The matter has been referred to this Court to decide two limited issues: (1) whether plaintiff's petition should be stricken with prejudice for failure to comply with Local Rule 54.3, and (2) whether Ameriquest waived any objections to the petition due to their failure to comply with Local Rule 54.3 (doc. # 167). For the reasons set forth below, the answer to both questions is no.

**I.**

We begin by examining the structure and purpose of Local Rule 54.3. Local Rule 54.3(d) requires that before filing a motion for an award of attorneys' fees pursuant to Federal Rule of Civil

2

Procedure 54, the parties "shall confer and attempt in good faith to agree on the amount of fees or related non-taxable expenses that should be awarded" (Rule 54.3(d), Local Rules for the United States District Court, Northern District of Illinois ("LR")). Local Rule 54.3(d) provides detailed direction concerning the information that parties are required to share as part of that meet and confer process. The movant (the party who would file the fee motion) is required to start the ball rolling by providing the respondent (the party from whom the movant seeks payment) with time and work records on which a fee motion will be based, including a specification of "the hours for which compensation will and will not be sought;" a statement of the hourly rates that will be claimed for each person who worked on the matter, as well as representative business records or other evidence to support the hourly rates sought; and evidence that will be used to support an award of related non-taxable expenses (LR 54.3(d)(1)-(3)). The movant must supply that information within 21 days of the judgment or settlement agreement upon which the motion is based (LR 54.3(d)(4)).

Local Rule 54 envisions that based on this information, the parties will attempt to reach agreement on an amount of fees and expenses to be awarded (LR 54.3(d)(5)). However, if no agreement is reached, then within 21 days after receiving the movant's information required by Local Rule 54.3(d)(1)-(3), the respondent must disclose the total amount of attorneys' fees that it has incurred in the litigation, as well as supporting time and work records; evidence of hourly rates for all persons who billed time for the respondent during the litigation; evidence of specific expenses incurred in connection with the litigation and the total amount of those expenses; and any evidence that the respondent will use to oppose the movant's requested hours, rates or related expenses (LR 54.3(d)(5)).

After the respondent provides this information, the parties have 14 days to further meet and confer in order to specifically identify all hours, billing rates or non-taxable expenses that are not in dispute and to further attempt to resolve any remaining disputes before filing a fee motion (LR 54.3(d)). In the event a motion is filed, the parties must attach to it a joint statement (LR 54.3(f)), which sets forth the total amount of fees and related non-taxable expenses claimed by the moving party (including a summary table listing the names, claimed hours, claimed rates and claimed totals for each biller); the total amount of fees and expenses that the respondent agrees should be awarded; and a brief description of each specific dispute remaining between the parties concerning fees and expenses (LR 54.3(e)). The joint statement must be completed no later than 70 days after entry of the judgment or settlement agreement upon which the motion for fees will be based, unless the Court orders otherwise. *Id.*

Finally, our local rule envisions the possibility that the parties may dispute their respective compliance with these requirements of Local Rule 54.3. Thus, Local Rule 54.3(g) provides that a party may file a motion for instructions, if that party contends that the procedures required by Local Rule 54.3(d) cannot be followed within the specified time limits because, among other things, of a "failure of one or more of the parties to provide information required by the Rule" (LR 54.3(g)(2)). Any such motion must be filed "not later than 10 days following the expiration of the time within which the matter in dispute or the materials not turned over should have been delivered in accordance with the timetable set out in this rule or in the court's order" (LR 54.3(g)).

Local Rule 54.3 serves two important functions. *First*, the rule provides the parties with the time and the information necessary to enable them to attempt to resolve any fee disputes without seeking court intervention, in line with the Supreme Court's admonition that a "request for attorneys'

fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). *Second*, the rule assists the court by helping to insure that, in the event a fee motion is filed, the parties have narrowed and crystalized their disputes, and have provided the court with the information it needs to make a reasoned ruling on the fee request.

## II.

It is against this backdrop that we assess the parties' bickering about their respective compliance with Local Rule 54.3(d).

### A.

The attorneys' fees and expenses that plaintiff now seeks are for work allegedly done in connection with the successful prosecution of the appeal in this case (doc. # 164: Pl.'s Renewed Supp. Pet., Ex. K (LR 54.3(e) Joint Statement)). The Seventh Circuit decision issued on October 17, 2007, and the appeals court issued the mandate to the district court on November 9, 2007. It appears that the mandate was received in the district court on or about November 14, 2007 (doc. # 157). Since the successful appeal is the judgment that provides the basis for the fee request, the receipt of the mandate would appear to represent the latest date triggering the 21-day period for plaintiff to provide defendant with the information required under Local Rule 54.3(d)(1)-(3) LR 51.3.(d)(4)). On December 13, 2007, 29 days later, plaintiff sent a letter to defense counsel enclosing a printout of time and expenses "which we will be including in our supplement fee petition" (doc. # 166: Defs.' Resp. to Renewed Supp. Pet., Ex. 1). The printout listed fees and expenses incurred after September 19, 2007, and provided, for each billing attorney and paralegal, the work performed on a specific date, the amount of time spent, the hourly rate, and the fee incurred for that day (*Id.*). The letter tabulated the amount of supplement fees sought as $71,604.00 under a lodestar approach

(number of hours worked multiplied by applicable billing rates), and the amount of supplement expenses (all copying and facsimile charges) at $1,803.77 (*Id.*). The cover letter also indicated that plaintiff was providing a declaration in support of the fees (which in fact was sent under separate cover the following day) (doc. # 164: Pl.'s Renewed Supp. Pet. at 4).

Plaintiff's submission of these materials substantially complied with Local Rule 54.3(d)(1)-(3). While plaintiff submitted this material more than 21 days after the return of the mandate from the Seventh Circuit, Ameriquest does not assert the timing of this initial submission as a violation of Local Rule 54.3(d)(4). Moreover, even if Ameriquest had done so, it could point to no prejudice from this brief delay, and thus we would not deem it an appropriate basis to preclude plaintiff from seeking attorneys' fees and expenses.

**B.**

Because plaintiff's submissions on December 13 and 14, 2007 substantially complied with Local Rule 54.3(d)(1)-(3), they triggered the parties' obligation under Local Rule 54.3(d)(5) to try to reach agreement on the amount of fees and expenses. On December 21, 2007, plaintiff unilaterally reduced her supplemental fee claim to $45,000.00, without specifying the reductions from the $71,640.00 figure cited in the December 13 letter to reach that figure. One could view that reduction as plaintiff's offer to compromise her fee claim in an effort to reach agreement, which our Local Rule would encourage. In the ordinary course, we would not view a reduction of a fee request offered in the spirit of compromise to require the plaintiff to specify the basis for offering that compromise; nor would we view it as relieving a defendant of its obligation to supply the information required under Local Rule 54.3(d)(5)(A)-(D) in the event agreement was not reached.

In the absence of agreement on a compromise figure, the defendant generally could expect that plaintiff would seek the full amount of fees claimed.

However, in this case, the $45,000 figure was not a mere offer to compromise. Plaintiff jumped the gun by filing a supplemental fee petition on December 21, 2007 (doc. # 158), a petition that plainly was premature under Local Rule 54.3(d)-(f). For our purposes, the more significant point is that in the supplemental petition, plaintiff sought an award of fees in the reduced amount of $45,000.00, and not in the full amount of $71,640.00 set forth in the December 13 letter (doc. # 158: Pl.'s Supp. Pet. at 1). Plaintiff did not disclose to the Court the basis for the reduction of the $71,640.00 in fees generated by the lodestar calculation, but instead ascribed the reduction to the "exercise of billing judgment" (*Id.* at 5). The presiding district judge struck the motion, and ordered the parties to comply with the Local Rule 54.3(d) process. Nonetheless, by filing a motion asking the Court to award the amount of $45,000.00 in attorneys' fees, plaintiff made that figure more than a bargaining point and, as a result, we agree that plaintiff was required to identify for Ameriquest the specific hours of work that resulted in the requested fee award.

### C.

The email correspondence between the parties discloses that plaintiff was tardy in providing that information, but that Ameriquest did not press the matter immediately upon receiving the December 21 motion seeking fees in the reduced amount of $45,000.00. Ameriquest asked for an explanation, and, in a response, plaintiff sent an email on December 28, 2007, attributing the reduction to billing judgment (doc. # 164: Pl.'s Renewed Supp. Pet., Ex. F.). In a return email that some day, counsel thanked plaintiff's counsel for the response and asked for nothing more (*Id.*). We have been given no evidence that Ameriquest then pursued the matter further (although Ameriquest

7

complained about it in the response to plaintiff's original petition, *see* doc. # 161: Defs.' Resp. to Supp. Pet. at 8) until January 15, 2008, when Ameriquest sent an email indicating that "it would be productive if you could let me know the actual time (by billing entries) Jones is seeking, especially since the fee application seeks less than the time entries listed on the billings attached to the original fee application" (doc. # 166: Defs.' Resp. to Supp. Pet., Ex. 2). Plaintiff's response to that email never addressed that request, but instead demanded that Ameriquest supply the information required by Local Rule 54.3(d)(5)(A)-(D) (doc. # 164: Pl.'s Renewed Supp. Pet., Ex. G). On January 18, 2008, Ameriquest reiterated its position that plaintiff was required to specify what work was encompassed within the $45,000.00 fee request, and then until plaintiff did so, Ameriquest was not required to provide the information specified under Local Rule 54.3(d)(5) (*Id.*). It was not until January 29, 2008, 11 days later, that plaintiff answered the email and agreed to provide that information "in one or two days" (doc. # 166: Defs.' Resp. to Renewed Supp. Pet., Ex. 3). However, that information was not provided until February 7, 2008, (doc. # 164: Pl.'s Renewed Supp. Pet., Ex. H). On February 11, 2008, Ameriquest provided its billing information. (*Id.*, Ex. J).

Although the correspondence attached to the parties' submissions indicate that they thereafter continued to communicate further about the perceived inadequacies or discrepancies in each side's submissions, plaintiff was able to file its renewed supplemental petition on February 13, 2008, as required by the January 10, 2008 order. The renewed supplemental petition contained the joint statement required by Local Rule 54.3(e) (doc. # 164: Pl.'s Renewed Supp. Pet., Ex. K), which sets forth the required information. Ameriquest submitted their response to plaintiff's summary table identifying the bases for their position that plaintiff should recover no supplemental fees: in addition

to the alleged noncompliance with Rule 54.3(d), Ameriquest asserted that plaintiff's petition should be denied because (1) it seeks fees on an issue on which she did not prevail on appeal; (2) the amount of time sought is excessive; and (3) the billing rates are excessive, and plaintiff seeks time for paralegal work which was, in fact, secretarial in nature (*Id.*, Response to Plaintiff's Summary Table). Thus, the summary table indicated that Ameriquest asserted that no fee should be awarded, although in their response to the renewed supplemental petition, Ameriquest says that if the Court finds that any amount of fees should be awarded, "an award of $15,200.00 would be generous" (doc. # 166: Defs.' Resp. to Renewed Supp. Pet. at 13).

### III.

The foregoing history shows that in various ways, all parties disregarded the requirements and timetable set forth in Local Rule 54.3(d). That said, we conclude that these failures did not cause either side to suffer prejudice, and did not impair the court's ability to determine the renewed supplemental petition on the merits.

*First*, once plaintiff decided to seek fees based on less than all of the hours of work incurred since September 19, 2006, plaintiff was required to specify the time entries for which she sought compensation. That kind of specification was necessary to enable Ameriquest to determine whether it would agree that any of the entries should be paid, and to determine what evidence it might use to oppose any disputed hours or rates. Thus, until plaintiff provided that specification, Ameriquest was not obliged to provide the information specified in Local Rule 54.3(d)(5).

*Second*, given the parties' disagreement about whether plaintiff was required to provide that information, Ameriquest should have sought instruction under Local Rule 54.3(g). Ameriquest asserts that plaintiff's failure to provide a specification of the hours for which compensation was

sought was a "failure . . . to provide information required by the Rule," which plainly would have entitled Ameriquest to file such a motion under Local Rule 54.3(g)(2). Ameriquest did not do so. Indeed, even though it knew that plaintiff was seeking a reduced amount as of December 21, 2007, Ameriquest did not express any real urgency about obtaining the information until January 18, 2008, nearly one month later. Under Local Rule 54.3(g), a party that does not believe it is getting the required information should not simply lie in the weeds and spring the matter once a motion is filed, but should seek direction from the Court in order to facilitate the purposes of Local Rule 54.3(d).

*Third*, all of that said, the parties – albeit belatedly – exchanged the information that Local Rule 54.3(d)(1)-(5) requires: Ameriquest received the specification of hours for which plaintiff seeks compensation, and plaintiff received defense counsel's billing records. Our review indicates that while there may be some discrepancies and minor shortcomings in those submissions, the information provided substantially complies with what is required under Local Rule 54.3(d).

*Fourth*, we find that neither side has suffered prejudice from the late timing of the exchange of the information. The joint statement included in plaintiff's renewed supplemental petition sets forth the information required under Local Rule 54.3(e). Plaintiff has the billing information from defense counsel that enables her to test defendant's assertion that plaintiff spent an excessive amount of time on the case. And, Ameriquest has the information it needs to advance its arguments that the rates sought are excessive (*see* doc. # 166: Defs.' Resp. to Renewed Supp. Pet. at 8-9); that the billing records lack sufficient detail (*Id.* at 8); that fees should be denied in their entirety because the initial request was excessive (*Id.* at 9); that the initial fees awarded are sufficient to adequately compensate counsel, in light of the recovery achieved (*Id.* at 10-11); that plaintiff is seeking fees on

10

an appeal for issues on which she did not prevail (*Id.* at 11-12); and that the amount of time spent on the appeal in any event was excessive (*Id.* at 12).

*Fifth*, we disagree with Ameriquest's assertion that plaintiff has not "meaningfully met and conferred" (doc. # 164: Pl.'s Renewed Supp. Pet., Ex. K, Resp. to Pl.'s Summary Table). The emails indicate that the parties communicated early and often about the fee request, and that Ameriquest's fundamental position is that plaintiff should received no supplemental attorneys' fees (*see, e.g.*, doc. #164: Pl.'s Renewed Supp. Pet., Ex. G, 01/16/08 Email Hoefield to Cogan ("your proposal that Ms. Jones should receive $0.0 in attorneys' fees is unacceptable")). The meet and confer process requires that the parties discuss in good faith their dispute in an attempt to reach resolution. The meet and confer process does not, and cannot, guarantee that attempt will succeed. We no more ascribe bad faith to plaintiff's request for supplemental fees than we do to Ameriquest's position that, for a myriad of reasons, plaintiff should receive no fees. Since the parties were unable to resolve that dispute, it is left for the court to decide.

*Sixth*, the parties' failings in the Local Rule 54.3(d) process have not impaired the court's ability to decide the fee dispute. Plaintiff has identified the time for which she seeks compensation, and the relevant hourly rates. Ameriquest has been able to identify where it claims those rates or hours are excessive, and to propose what award it believes would be appropriate. Thus, although in this case the Local Rule 54.3(d) process did not proceed perfectly (or anywhere close to it), it nonetheless served its essential function of affording the court the information required to make a reasoned fee determination. Accordingly, we conclude that the fee issue should be decided on the merits.

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff's renewed supplemental fee petition (doc. # 164) should not be stricken for failure to comply with Local Rule 54.3(d). All matters subject to the referral having been concluded, the referral is thereby terminated.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: May 19, 2008**